## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No. 12-CR-50-JHP** |
| ) | |
| **DEJUAN HILL, et al** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PURPORTED EXPERT TESTIMONY OF STEVEN SANDERS, IN THE ALTERNATIVE, A REQUEST  FOR A DAUBERT HEARING

COMES NOW the Defendant DEJUAN HILL, by and through his counsel of record Terry L. Weber and on behalf of Defendants KENNETH LEE HOPKINS, by and through his counsel James Fatigante, DONTAYNE DEJAY TIGER, by and through his counsel Stephen Knorr, VERNON HILL, by and through his counsel Robert Williams, JAMES MILLER, by and through his counsel Shannon McMurray, DEANDRE HOPKINS, by and through his counsel Tim Gifford, MARQUIS DEVERS, by and through his counsel John Dunn,  to preclude the government from introducing the purported expert testimony of Steven Sanders concerning gang activity of the Hoover Crips.  Alternatively,  to require the Government to demonstrate

at an evidentiary hearing that the proffered expert testimony of Mr. Sanders

meets the requirements of Fed. R. Evid. 702 and the United States Supreme

Court's decisions in *Daubert v. Merrel Dow Pharmaceuticals*, 509 U.S. 579

(1993) and *Kuhmo Tire Co. V. Carmichael*, 526 U.S. 137 (1999)

The government has tacitly acknowledged Rule 702, Fed. R. Evid.,

governs the admissibility of the proposed expert evidence. Rule 702 sets an

initial threshold for determining whether testimony may be introduced and

describes the tests for relevance as whether the "scientific, technical or other

specialized knowledge will assist the trier of fact to understand the evidence

or determine a fact in issue."  "This condition goes primarily to relevance."

*Daubert,* 509 U.S. 591. If the party proffering the evidence establishes the

relevance of testimony, the court must determine whether a witness is

"qualified as an expert by knowledge, skill, experience, training or

education." Rule 702 Fed. R. Evid.  If the proposed witness's qualifications

are deemed adequate, the court then must then determine:

> if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to  the facts of the case.

*Id.*   To assess the admissibility of proffered expert testimony, the court must conduct a preliminary inquiry to determine "whether the reasoning or methodology properly can be applied to the facts at issue." *Daubert,* at 509 US at 592. In application, Rule 702 places on the trial judge "the task of ensuring that an expert's testimony both rests on reliable foundation and is relevant to the task at hand." *Id*. at 597.

This Court may exercise "considerable leeway" both in the standard used to determine whether particular expert testimony is reliable and in the method for testing that reliability *Kuhmo*,   at 152. But, the Court must make some determination of reliability on the record before permitting the witness to testify as an expert on a particular issue. *United States v. Velarde,* 214 F.3d 1204, 1209 (10th Cir. 2000).   A court may perform this gatekeeping function through the disposition of a pretrial motion in limine, provided the court receives sufficient evidence to ensure the expert's testimony rests on a reliable foundation and is relevant. *See Goebel v. Denver and Rio Grande Western Railroad Co*. 215 F.3d 1083, 1081 (10th Cir. 2000), quoting *Daubert, 509 U.S. at 597.*

The summary provided by the government does not provide any detail regarding the factual basis supporting the proffered expert's proposed

testimony. On the record presented, it is impossible for this court to fulfill its gatekeeping function. *See Dodge v. Cotter Corp.,* 328 F.3d 1212, 1223 (10th Cir. 2003). ("natural requirement" of gatekeeping function is the creation of a sufficiently developed record to allow  review of the court's evaluation of the law and the proffered evidence).

The inquiry must be specific to the facts of the case that is the Court must examine the reasonableness of using such an approach, along with [the expert's] particular method of analyzing the data thereby obtained, to draw a conclusion regarding the particular matter to which the expert testimony is directly relevant. *Kuhmo Tire,* 526 U.S. at 152. *See also United States v. Nacchio,* 555 F.3rd 1258 (10th Cir. 2009)(en banc) (Fact that expert's testimony has been admitted in other cases, is not determinative of the question of the admissibility of his testimony in a particular case; the court had the  obligation to assess the methodology that the  expert had used with respect to the case at hand).  The government must demonstrate as a preliminary matter, that the reasoning and methodology, by which Mr. Sanders reached his conclusions, is valid and whether he properly applied that reasoning and methodology to the facts of this case. In *Daubert,* the

Court explicitly stated that the burden of proof is set by Federal Rule of Evidence 104(a), and requires that the proponent of the evidence show by a preponderance of proof that the basis for the proffered expert opinion is reliable. *Daubert,* 509 U.S. at 592 n. 10 ( citing, *Bourjaily v. United States,* 483 U.S. 171, 175-176 (1987)). The Court identified several factors the Court may consider in conducting its preliminary inquiry:

1. Whether the theory proposed can or has been tested;

2. whether the theory or technique has been subjected to peer review and publication;

3. The known or potential error rate of the theory or technique;

4. the general acceptance of the theory or technique.

*Daubert,* 509 U.S. at 593-94.  Accordingly, "[s]ince *Daubert* parties relying on expert evidence have had notice of the exacting standards of reliability such evidence must meet." *Wesgram v. Marley Co.,* 528 U.S. 440, 455 (2000);  *United States v. Frazier*, 387 F.3d 1244 at 1260 (11th Cir. 2004) ("This function 'inherently requires the trial court to conduct an exacting analysis of the foundations of expert testimony to ensure they meet the standards for admissibility under Rule 702').  "The importance of *Daubert's* gatekeeping function cannot be overstated." *Frazier*, 387 F.3d 1260.

As has been argued in previous motions filed in this matter, the defendants' alleged gang membership is not relevant to the issues that will be presented to the jury. The government has not alleged within the indictment, or provided information in discovery, that the Hoover  Crips street gang was instrumental in the formation, agreement and purpose of the conspiracy. In addition, the government has provided no information that the Hoover Crips street gang was instrumental in the planning or execution of any of the six referenced robberies, or that it benefited in any way from the robberies. The only connection set forth in Count One of the indictment between the defendants and the robberies that occurred over a three-year period is the alleged involvement in a street gang. Nothing in Count One supports that any such alleged association approves an agreement to commit robberies by various different individuals of different entities at different times. Evidence of defendants' alleged gang membership should be excluded. "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his

guilt or innocence of the crime charged. United States v. Rodriguez, 192 F.3d 946, 951 (10th Cir. 1999). The admission of gang membership has the potential to elicit an unfavorable reaction from the jury increasing the danger of "guilt by association." See United States v. McKay, 431 F.3d 1085, 1093 (8th Cir. 2005) (holding that evidence of gang membership is not admissible where it is meant merely to prejudice the defendant or to prove his guilt by association with unsavory characters).

It is submitted that it would be abuse of discretion to admit gang affiliation evidence against the defendants as substantive evidence of guilt of the conspiracy and underlying charges. The gang affiliation evidence is analogous to drug courier profile evidence that has been found in other jurisdictions to be inadmissible as substantive evidence of guilt. *United States v. Williams,* 957 F.2d 1238 (5th Cir. 1992); *United States v. Jones*, 913 F.2d 174 (4th Cir. 1990); *United States v. Quigley*, 890 F.2d 1019 (8th Cir. 1989); *United States v. Beltran-Rois*, 878 F.2d 1208 (9th Cir. 1989); *United v. Hernandez-Cuatas,* 717 F.2d 552, (11th Cir. 1983). The analysis of whether gang affiliation evidence is improper requires determining (1) whether the evidence is "profile" evidence, and (2) whether the profile is offered as substantive evidence of guilt. The gang evidence to be elicited

from the gang expert is intended to place an inference on another inference to reach the result prosecution seeks.

In *United States v. McDonald*, 933 F.2d 1519, 1521 (10th Cir. 1991), the court defined profile evidence as "a listing of characteristics that in the opinion of law enforcement officers are typical of a person engaged in a specific illegal activity."  It is anticipated that the gang expert will testify exactly to what is prohibited in *McDonald.* Profile evidence is inadmissible in most cases as substantive evidence of guilt because the profile easily fits innocent people. See *United States v. Simpson*, 910 F.2d 154 (4th Cir. 1990). "Proof that a person fits the profile, unsupported by evidence of drug trafficking, proves nothing."  Id.  at 157 (citing United States v. Sokolow, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed. 2d 1 (1989). Proof that the defendants may or may not be gang members, does nothing to prove their involvement in robberies that occurred over a number of years.  As Agent Jones stated numerous times at the James hearing "this is a robbery conspiracy", no connection has been established between the robberies and gang membership. The prosecution intends to offer this profile evidence as substantive evidence of guilt, which is not permissible. The implication, if the gang expert evidence is allowed, will be that the defendants are guilty of

the alleged crimes because they are gang members, and they were pursuing a gang "purpose." Improperly admitted gang membership evidence is in contravention of Fed.R.Evid. 403 as substantive evidence of guilt because its probative value is grossly outweighed by its extreme prejudice.  Because the profile evidence is not admissible under Fed. R. Evid. 403, it cannot be properly admitted as expert testimony under Fed. R. Evid. 702 because Fed. R. Evid. 702 requires the same balancing as Fed. R. Evid. 403. If the gang expert is allowed to testify the theme of the trial will become "guilt by association." The gang affiliation evidence is inadmissible because it is inherently and unfairly prejudicial and deflects the jury's attention from the immediate charges and causes it to prejudice a person.

Defendants request exclusion of the testimony of Steven Sanders to the extent the Government seeks to elicit opinions and conclusions from him as a purported expert.  In the event this court believes further information and inquiry is necessary, counsel requests a hearing in advance of trial conducted in accordance with *Daubert* and its progeny.

Respectfully Submitted,

s/T. L. Weber
Terry L. Weber, OBA#10149
320 South Boston Ave., Suite 320
Tulsa, Oklahoma 74103
(918) 582-1910
(918)-582-2015 fax
Attorney for Dejuan Hill

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2013, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Joel-lyn McCormick, Attorney for Plaintiff
Dennis Fries, Attorney for Plaintiff
C. Robert Burton, Attorney for C. Lewis
John Dunn, Attorney for M. Devers
Timothy Gifford, Attorney for D. Hopkins
Stephen Knorr, Attorney for D. Tiger
Shannon McMurray, Attorney for J. Miller
James Fatigante, Attorney for K. Hopkins
R. Scott Williams, Attorney for V. Hill

/s/ T. L. Weber
Terry L. Weber