## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 12-CR-00050-JHP** |
| | ) | |
| **VERNON JAMES HILL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## TRIAL BRIEF OF THE UNITED STATES OF AMERICA

The United States of America, by Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, Joel-lyn A. McCormick and Dennis A. Fries, Assistant United States Attorneys for the Northern District of Oklahoma, respectfully submit its brief for trial in this case.

**I.    STATUS OF THE CASE**

A.    TRIAL DATE: January 22, 2013, at 9:30 a.m., before the Honorable James H. Payne, United States District Judge.

B.    ESTIMATED TIME FOR TRIAL: Approximately 5-6 weeks.

C.    DEFENDANT'S STATUS: V. Hill, Lewis, D. Hopkins, K. Hopkins, Miller and Devers - In custody.  D. Hill on pretrial release.

D.    WAIVER OF TRIAL BY JURY:  None.

E.    INTERPRETER: No

F.    WITNESS LIST: Dependent on stipulations, witnesses will include as follows:

FBI Special Agent Charlie Jones

FBI Agent Loel Skoch

FBI Agent Andrew Kerstetter

TPD Forensic Analysts (fingerprints and DNA)

TPD Gang Unit Officer(s)

Hutcherson YMCA Records Custodian

Metro Pharmacy Customers and Employees

TPD Robbery Detectives

TPD responding officers for each robbery location

Duncan Herron

Jimmisha Franks (Miller's sister)

Defendants' Girlfriends and/or Mothers to Defendants' Children

Records custodians for Cricket and Sprint

Tulsa Municipal Employees Federal Credit Union Employees/Customers

Owners of stolen vehicles used in various robberies as referenced

IBC Employees

Dooley Pharmacy Employees as referenced

T. Roy Barnes Customers and Employees as referenced

Arvest Customers and Employees as referenced

G.     EXHIBIT LIST: As follows, depending on stipulations.

Defendants' Gang Certification

Photographs obtained from Facebook

Robbery surveillance videos

Photographs from robbery locations

Photographs of stolen vehicles used in robberies

Audits from robberies of financial institutions

Cell Phone Data Records Cricket and Sprint

Cell Site Diagrams for time frame in reference to Metro robbery

Cell Site Diagrams for time frame in reference to Credit Union robbery

Cell Site Diagrams for time frame in reference to Arvest robbery

Apartment Lease for Brion Johnson

Apartment Lease for Jimmisha Franks

Dooley Pharmacy inventory of loss

T. Roy Barnes inventory of loss

CVS inventory of loss

Walgreens inventory of loss

Saffa Pharmacy inventory of loss

jail calls

jail visitor logs

## II.     THE CHARGES IN THE INDICTMENT

Count 1: 18 U.S.C. § 1951- Hobbs Act Conspiracy

Counts 2,3,5,7&9: 18 U.S.C. § 1951- Hobbs Act Robbery

Counts 4,6&10: 18 U.S.C. § 924(c)(1)(A)(ii)  - Use of Firearm in Furtherance of a Crime of Violence

Count 8: 18 U.S.C. §924(c)(1)(A)(iii) - Use, Carry, Brandished and Discharged Firearm

## III.    STATEMENT OF FACTS

The Government's evidence will show there were several strings of robberies from which law enforcement identified trends and suspects.  Tulsa Police Department and the Federal Bureau of Investigations (FBI) began multiple investigations.  During the course of the investigations, law enforcement determined there was an overlap in several of the robberies in that the suspects were the same or knew each other.  Law enforcement officers then began collecting additional information from various sources, including field interviews of various third parties and suspects' girlfriends.  Additionally, law enforcement officers obtained phone records for some of the suspects in reference to dates the robberies occurred. Ultimately, law enforcement determined the perpetrators of the several robberies under investigation involved a group of the same suspects.  The evidence will  further show as the investigation progressed, law enforcement obtained phone numbers for phones used by the suspects and descriptions of their vehicles, among other things.

The evidence will show the defendants participated in a robbery conspiracy in which

4

the conspirators were members or affiliates of the Hoover Crips street gang.  The evidence will demonstrate the "close relationship between those involved in a conspiracy" as well as their gang membership.

The Government's evidence in reference to the defendants' gang membership or affiliation will include reference to the defendants' certification status as determined by a multi-agency task force headed by Tulsa Police Department.  As law enforcement officers began identifying suspects, they relied on Tulsa Police Department records which documented the defendants' gang affiliations.  The Government's evidence will also include testimony from various third parties including a cooperating witness, senior members of the Hoover Crips, the defendants' girlfriends and/or the mothers of their children.

After law enforcement made a connection between the suspects, they learned from a confidential informant how the perpetrators would identify a target or "lick," as they called it and details surrounding how they carried out some of the robberies.  Once one of the robbery crew members identified a potential target, he would then simply inquire as to who was available to participate in the robbery at that time, which explains why each defendant did not participate in each and every robbery.

The Government's evidence will establish a time-line of events as follows:

- On August 26, 2009, Vernon James Hill entered the IBC Bank located at 4202 South Garnett Road, Tulsa, Oklahoma, and demanded money from an IBC employee.

- On February 13, 2010, the defendants Marquis Deron Devers and Kenneth

Hopkins, and others, entered into Dooley Pharmacy located at 4120 South 25th West Avenue wearing masks.

• On February 13, 2010, while inside the Dooley Pharmacy, Defendants Devers, K. Hopkins and others, brandished firearms and demanded money and controlled substances.

• Prior to May 7, 2010, Deandre Antonio Hopkins,, and others unknown stole and caused to be stolen a vehicle used in the robbery of T. Roy Barnes Pharmacy located at 9757 East 31st Street, Tulsa, Oklahoma, hereinafter referred to as "the Barnes Pharmacy".

• On May 7, 2010, Deandre Hopkins, and others unknown, entered the Barnes Pharmacy wearing masks.

• On May 7, 2010, inside the Barnes Pharmacy, Deandre Hopkins and others unknown, brandished firearms and demanded money and controlled substances.

• Prior to August 13, 2011, Defendants Vernon Hill, Marquis Devers, Dontayne Tiger, Deandre Hopkins, and Christopher Darnell Lewis, and others known to the Government stole and caused to be stolen a vehicle used in a robbery of the Metro Pharmacy and Medical Supplies, Inc., located at 575 East 36th Street North, Tulsa, Oklahoma, herein after referred to as "the Metro".

• On or about August 13, 2011, Defendants Vernon Hill, Christopher Lewis, Deandre Hopkins, Marquis Devers, Dontayne Tiger and others known to the

6

Government met at a park located at 203 West 28th Street North Tulsa, Oklahoma, and planned to rob the Metro.

- On or about August 13, 2011, Defendants Vernon Hill, Christopher Lewis, Deandre Hopkins, and Marquis Devers and others known to the Government used cellular phones to communicate with each other concerning the Metro robbery.

- On August 13, 2011, the defendants Vernon Hill, Christopher Lewis and Marquis Devers entered into Metro while wearing masks and brandished firearms and demanded money and controlled substances.

- On August 13, 2011, Defendants Deandre Hopkins and Dontayne Tiger stood outside the Metro during the robbery as lookouts.

- On or about September 16, 2011, Defendants Christopher Lewis, Deandre Hopkins, Marquis Devers, Dontayne Tiger and James Miller and others known to the Grand Jury met at apartment number 208 of the Villas of Yorktown, located at 4815 South Yorktown Avenue, Tulsa, Oklahoma, and planned to rob the Tulsa Municipal Employee Federal Credit Union hereinafter referred to as the "Credit Union".

- Prior to September 16, 2011, Defendants Christopher Lewis, Deandre Hopkins, Marquis Devers, Dontayne Tiger and James Miller and others known to the Government stole and caused to be stolen a vehicle which was used in the robbery of the Credit Union.

7

- On or about September 16, 2011, Defendants Christopher Lewis, Deandre Hopkins, Marquis Devers, Dontayne Tiger and James Miller, and others known to the Grand Jury used cellular phones to communicate with each other concerning the Credit Union robbery.

- On September 16, 2011, Defendants Lewis, Devers, and Miller entered the Credit Union while wearing masks and brandishing firearms.

- On September 16, 2011, Defendants Lewis, Devers, and Miller took over the Credit Union and ordered all customers and employees to get on the ground.

- On September 16, 2011, Defendants Lewis, Devers, and Miller, demanded money from the Credit Union employees.

- On September 16, 2011, Defendant Lewis discharged a firearm while inside the Credit Union.

- On September 16, 2011, Defendants D. Hopkins and Tiger stood outside the Credit Union during the robbery as lookouts.

- On or about November 5, 2011, Defendants V. Hill, Dejuan Legmar Hill ("Defendant D. Hill") and their brother Stanley Hill used cellular phones to communicate with each other prior to and after robbery of the Arvest Bank located at 218 South Memorial Street, Tulsa, Oklahoma.

- On November 5, 2011, Defendant V. Hill entered into the Arvest Bank wearing a hooded jacket and brandishing firearms.

- On November 5, 2011, Defendant D. Hill entered into the Arvest Bank

8

wearing a mask.

- On November 5, 2011, Defendants V. Hill and D. Hill ordered customers and employees to get on the ground.

- On November 5, 2011, defendant D. Hill and V. Hill, demanded money from the bank employees.

- On November 5, 2011, after robbing the bank, Defendants V. Hill and D. Hill, got into a get away car driven by Stanley Hill, fled from the area of the bank and traveled to a residence located at 1107 East Pine, Tulsa, Oklahoma.

- On April 4, 2012, Defendants caused shots to be fired into a house at 2148 North Norfolk Avenue., Tulsa, Oklahoma.

The Government's evidence will reflect members of the conspiracy had significant amounts of money at times immediately following some of the robberies.  As to cell-site analysis in reference to the dates of the Metro, Tulsa Employees Municipal Credit Union and Arvest robberies, the Government's evidence will further corroborate some of the defendants' locations at a particular time relevant to the respective robberies.  For the three referenced robberies, the Government will rely on historical cell-cite analysis to further support the fact that some of the defendants were involved in this conspiracy.  The Government's evidence will also include other items of evidence including, testimony concerning DNA and fingerprint analysis, field interviews, testimony of a cooperating witness(es), surveillance videos, Facebook photographs and postings and call data records among other things.

## IV.    LEGAL ISSUES

In the months leading to trial, the Court has addressed numerous legal issues raised

by the parties.  The issues still outstanding at this time include:

### Evidence of Other Crimes and Bad Acts

The Government intends to offer evidence in its case in chief of other crimes and bad

acts.  Said evidence should be classified as 404(b) evidence[1].  This Court should admit the

proposed testimony under Fed. R. Evid. 404(b).  The Supreme Court noted that: "[e]xtrinsic

acts evidence may be critical to the establishment of the truth as to a disputed issue,

especially when that issue involved the actor's state of mind and the only means of

ascertaining that mental state is by drawing inferences from conduct."  *Huddleston v. United*

*States*, 485 U.S. 681, 685 (1988). Rule 404(b) sets forth a non-exhaustive list of permissible

uses of what is commonly referred to as "other acts" evidence.  Specifically, Rule 404(b)

states in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of
> a person in order to show action in conformity therewith. It may, however, be
> admissible for other purposes, such as proof of motive, opportunity, intent,
> preparation, plan, knowledge, identity, or absence of mistake or accident . . .

In short, other crimes/wrongs/acts evidence can be used to establish anything relevant

other than the "character of a person in order to show action in conformity therewith."

The underlying facts as set forth above will be offered to establish the defendants'

---

[1] On January 9, 2012, the Government filed an amended Notice of 404(b) Evidence
with argument in support and in response to defendants' motions to exclude 404(b) evidence
(Doc. 389).

proof of motive, opportunity, intent, preparation, plan, knowledge, and lack of mistake.  The evidence offered under 404(b) demonstrates that the defendant had the motive, knowledge and intent to crimes with which he is charged in the Indictment.  The evidence will provide probative evidence regarding the defendants' intent to commit those acts.  *See United States v. Olivo,* 80 F.3d 1466 (10th Cir. 1993).

### **Stipulations**

The United States proposes stipulations for trial as follows:

1.     The physical items of evidence seized during the T. Roy Barnes robbery investigation have been in the custody and control of law enforcement officials since they were seized and can properly be admitted as evidence in this case.

2.     The physical items of evidence seized during the Dooley's Pharmacy robbery investigation have been in the custody and control of law enforcement officials since they were seized and can properly be admitted as evidence in this case.

3.     The physical items of evidence seized during the Arvest robbery investigation have been in the custody and control of law enforcement officials since they were seized and can properly be admitted as evidence in this case.

4.     If the records custodian for Cricket is called, the witness would testify that the call data records offered as a Government exhibit were produced by Cricket, are true and correct copies of business records which were generated and maintained in the ordinary course of business and can properly be admitted as evidence in this case.

5.     If the records custodian for Sprint/Nextel is called, the witness would testify that the

call data records, offered as a Government exhibit were produced by Sprint/Nextel, are true and correct copies of business records which were generated and maintained in the ordinary course of business and can properly be admitted as evidence in this case.

6.   If the records custodian for Hutcherson YMCA is called, the witness would testify that the daycare attendance records for September 2011, are true and correct copies of business records which were generated and maintained in the ordinary course of business and can properly be admitted as evidence in this case.

7.   The Glock, model 30, .45 caliber pistol, bearing serial number HUB434 seized from 1107 East Pine on November 5, 2011, meets the definition of "firearm" as defined by controlling federal law.

8.   The jail visitor logs from David L. Moss Correctional Center are true and correct copies of business records which were generated and maintained in the ordinary

course of business and can properly be admitted as evidence in this case.

## V.    <u>CONCLUSION</u>

This brief is offered to acquaint the Court with factual and legal issues that may arise

at trial.   The United States requests that the Court grant it leave to submit additional

memoranda should other issues present later.

Respectfully submitted,

DANNY C. WILLIAMS, SR.
United States Attorney


By<u>*/s/ Joel-lyn A. McCormick*</u>
   JOEL-LYN A. MCCORMICK, O.B.A. #18240
   DENNIS A. FRIES, OBA #11088
   Assistant United States Attorneys
   110 W. 7th St., Suite 300
   Tulsa, OK  74119-1029
   (918) 382-2700
   FAX#: (918) 560-7954
   joel-lyn.a.mccormick@usdoj.gov
   dennis.fries@usdoj.gov

## **Certificate of Service**

I hereby certify that on the 11th day of January, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert Scott Williams
law@trsvlaw.com
Attorney for defendant Vernon Hill

Charles Robert Burton, IV
RobtBurton@aol.com
Attorney for defendant Christopher Lewis

Timothy John Gifford
giffordlaw@yahoo.com
Attorney for defendant Deandre Hopkins

John Mikel Dunn
jmdunn@johndunnlaw.com
Attorney for defendant Marquis Devers

Stephen J. Knorr
stephenknorr@att.net
Attorney for defendant Dontayne Tiger

Shannon Michelle McMurray
shannlaw@yahoo.com
Attorney for defendant James Miller

James Michael Fatigante
jflaw@swbell.net
Attorney for defendant Kenneth Lee Hopkins

Terry Lee Weber
Terry.Weber@morelaw.com
Attorney for defendant Dejuan Hill

Neal B. Kirkpatrick
neal@nkirkpatricklaw.com
Attorney for defendant Duncan Herron

*/s/ Joel-lyn A. McCormick*
Joel-lyn A. McCormick
Assistant United States Attorney

14