# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-CR-50-JHP |
| | ) | |
| VERNON JAMES HILL, | ) | |
| a/k/a "V", | ) | |
| DEANDRE ANTONIO HOPKINS, | ) | |
| a/k/a "Wet", | ) | |
| a/k/a "C-Wet", | ) | |
| a/k/a "Sman", | ) | |
| DEJUAN LESHAE HILL, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>INSTRUCTIONS TO THE JURY</u>

Instruction No. __1__

## **OPENING**

Ladies and gentlemen of the jury, you have heard the evidence and will hear the arguments of counsel, and it is now my duty to instruct you as to the law in this case.

You are the sole and exclusive judges of the facts, but the Court is the judge of the law, and it is your duty to accept the law as given to you by the Court. It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one Instruction alone as stating the law, but must consider the Instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these Instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy,

prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. The punishment provided by law for the offenses charged in the superseding indictment is a matter exclusively within the province of the Court, and punishment is not to be considered by you in arriving at an impartial verdict as to whether the Defendants, Vernon James Hill, Deandre Antonio Hopkins, and Dejuan Leshae Hill, are guilty or not guilty.

Instruction No. 2

## OFFENSE CHARGED

The court has previously read the superseding indictment charging

these Defendants, a copy of which is attached to these instructions.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 12-CR-00050-JHP |
| | ) | |
| Plaintiff, | ) | **SUPERSEDING INDICTMENT** |
| | ) | [COUNT 1:  18 U.S.C. § 1951 - |
| v. | ) | Conspiracy to Obstruct, Delay and |
| | ) | Affect Commerce by Robbery; |
| VERNON JAMES HILL, | ) | COUNTS 2, 5, 7 & 9: 18 U.S.C. |
| a/k/a "V", | ) | § 1951 - Obstruct, Delay and Affect |
| DEANDRE ANTONIO HOPKINS, | ) | Commerce by Robbery; |
| a/k/a "Wet", | ) | COUNTS 6 & 10:  18 U.S.C. § |
| a/k/a "C-Wet", | ) | 924(c)(1)(A)(ii) - Use, Carry and |
| a/k/a "Sman", | ) | Brandish Firearms During and in |
| DEJUAN LESHAE HILL, | ) | Relation to Crime of Violence; |
| | ) | COUNT 8: 18 U.S.C. § 924(c)(1)(A)(iii) - |
| Defendants. | ) | Use, Carry, Brandish and Discharge a |
| | ) | Firearm During and in Relation to |
| | ) | Crime of Violence] |

### THE GRAND JURY CHARGES:

## COUNT ONE
### [18 U.S.C. § 1951]

### THE CONSPIRACY

As early as on or about August 26, 2009, and continuing to the date of this Superseding Indictment, in the Northern District of Oklahoma, the defendants herein, **VERNON JAMES HILL**, a/k/a "V", **DEANDRE ANTONIO HOPKINS**, a/k/a "Wet", a/k/a "C-Wet", a/k/a "Sman", and **DEJUAN LESHAE HILL**, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to obstruct, delay and affect interstate commerce, and the movement of articles and commodities in commerce by robbery.

## MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished and were accomplished, by the following manner and means:

1.     It was part of the conspiracy that the conspirators were and are members or affiliates with the Hoover Crips street gang.

2.     It was further a part of the conspiracy that the conspirators would and did commit robberies of businesses, including pharmacies, banks and a credit union.

3.     It was further a part of the conspiracy that the conspirators would and did use firearms during the robberies.

4.     It was further a part of the said conspiracy that the conspirators would and did use cellular phones to communicate before, during and after robberies.

5.     It was further a part of the conspiracy that the conspirators would and did threaten persons who were potential witnesses to robberies.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the defendants committed overt acts in the Northern District of Oklahoma, including, but not limited to the following:

1.     On August 26, 2009, Vernon James Hill, a/k/a "V" ("V. HILL"), entered the IBC Bank located at 4202 South Garnett Road, Tulsa, Oklahoma, and demanded money from an IBC employee.

2

2.      On February 13, 2010, the defendants Marquis Deron Devers ("DEVERS"), Kenneth Hopkins, a/k/a "Kenneth Karl Hopkins"("K. HOPKINS") and others unknown to the Grand Jury, entered into Dooley Pharmacy located at 4120 South 25th West Avenue wearing masks.

3.      On February 13, 2010, while inside the Dooley Pharmacy, Devers, K. Hopkins and others unknown to the Grand Jury, brandished firearms and demanded money and controlled substances.

4.      Prior to May 7, 2010, Deandre Antonio Hopkins, a/k/a "Wet", a/k/a "C-Wet", a/k/a "Sman" ("D. HOPKINS"), and others unknown to the Grand Jury stole and caused to be stolen a vehicle used in the robbery of T. Roy Barnes Pharmacy located at 9757 East 31st Street, Tulsa, Oklahoma, hereinafter referred to as "the Barnes Pharmacy".

5.      On May 7, 2010, D. Hopkins, and others unknown to the grand jury, entered the Barnes Pharmacy wearing masks.

6.      On May 7, 2010, inside the Barnes Pharmacy, D. Hopkins and others unknown to the Grand Jury, brandished firearms and demanded money and controlled substances.

7.      Prior to August 13, 2011, V. Hill, Devers, Tiger, D. Hopkins, and Christopher Darnell Lewis, a/k/a "Lil Chris" ("LEWIS"), and others known to the Grand Jury stole and caused to be stolen a vehicle used in a robbery of the Metro Pharmacy and Medical Supplies, Inc., located at 575 East 36th Street North, Tulsa, Oklahoma, herein after referred to as "the Metro".

3

8.     On or about August 13, 2011, V. Hill, Lewis, D. Hopkins, Devers, Tiger and others known to the Grand Jury met at a park located at 203 West 28th Street North Tulsa, Oklahoma, and planned to rob the Metro.

9.     On or about August 13, 2011, V. Hill, Lewis, D. Hopkins, and Devers and others known to the Grand Jury used cellular phones to communicate with each other concerning the Metro robbery.

10.    On August 13, 2011, V. Hill, Lewis and Devers entered into Metro while wearing masks and brandished firearms and demanded money and controlled substances.

11.    On August 13, 2011, D. Hopkins and Tiger stood outside the Metro during the robbery as lookouts.

12.    On or about September 16, 2011, Lewis, D. Hopkins, Devers, Tiger and Miller and others known to the Grand Jury met at apartment number 208 of the Villas of Yorktown, located at 4815 South Yorktown Avenue, Tulsa, Oklahoma, and planned to rob the Tulsa Municipal Employee Federal Credit Union hereinafter referred to as the "Credit Union".

13.    Prior to September 16, 2011, Lewis, D. Hopkins, Devers, Tiger and Miller and others known to the Grand Jury stole and caused to be stolen a vehicle which was used in the robbery of the Credit Union.

14.    On or about September 16, 2011, Lewis, D. Hopkins, Devers, Tiger and Miller, and others known to the Grand Jury used cellular phones to communicate with each other concerning the Credit Union robbery.

4

15.     On September 16, 2011, Lewis, Devers, and Miller entered the Credit Union while wearing masks and brandishing firearms.

16.     On September 16, 2011, Lewis, Devers, and Miller took over the Credit Union and ordered all customers and employees to get on the ground.

17.     On September 16, 2011, Lewis, Devers, and Miller, demanded money from the Credit Union employees.

18.     On September 16, 2011, Lewis discharged a firearm while inside the Credit Union.

19.     On September 16, 2011, D. Hopkins and Tiger stood outside the Credit Union during the robbery as lookouts.

20.     On or about November 5, 2011, V. Hill, Dejuan Leshae Hill ("Defendant D. HILL") and a person known to the Grand Jury as "Robber A", Stanley Hill used cellular phones to communicate with each other prior to and after robbery of the Arvest Bank located at 218 South Memorial Street, Tulsa, Oklahoma.

21.     On November 5, 2011, V. Hill entered into the Arvest Bank wearing a hooded jacket and brandishing firearms.

22.     On November 5, 2011, D. Hill entered into the Arvest Bank wearing a mask.

23.     On November 5, 2011, V. Hill and D. Hill ordered customers and employees to get on the ground.

24.     On November 5, 2011, D. Hill and V. Hill, demanded money from the bank

employees.

25.     On November 5, 2011, after robbing the bank, V. Hill and D. Hill, got into a get away car driven by Robber A fled from the area of the bank and traveled to a residence located at 1107 East Pine, Tulsa, Oklahoma.

26.     On April 4, 2012, Defendants caused shots to be fired into a house at 2148 North Norfolk Avenue., Tulsa, Oklahoma.

All in violation of Title 18, United States Code, Section 1951.

## COUNT TWO
### [18 U.S.C. § 1951]

On or about August 26, 2009, in the Northern District of Oklahoma, **VERNON JAMES HILL**, a/k/a "V", the defendant, did knowingly, willfully and intentionally obstruct, delay and affect interstate commerce, and the movement of articles and commodities in commerce, by robbery of IBC Bank, located at 4202 South Garnett Road, Tulsa, Oklahoma, a financial institution that conducted and conducts business in interstate commerce, that is to say, the defendant unlawfully took and obtained personal property consisting of money from the presence of an IBC Bank employee against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

All in violation of Title 18, United States Code, Section 1951.

7

## COUNT FIVE
### [18 U.S.C. § 1951]

On or about August 13, 2011, in the Northern District of Oklahoma, **VERNON JAMES HILL**, a/k/a "V", **DEANDRE ANTONIO HOPKINS**, a/k/a "Wet", a/k/a "C-Wet", a/k/a "Sman", the defendants, and others known to the Grand Jury, did knowingly, willfully and intentionally obstruct, delay and affect interstate commerce, and the movement of articles and commodities in commerce, by robbery of Metro Pharmacy and Medical Supplies, Inc., located at 575 East 36th Street North, Tulsa, Oklahoma, a company that conducted and conducts business in interstate commerce, that is to say, the defendants unlawfully took and obtained personal property consisting of money and controlled substances from the presence of a Metro Pharmacy and Medical Supplies, Inc. employee against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

All in violation of Title 18, United States Code, Section 1951.

8

## COUNT SIX
### [18 U.S.C. § 924(c)(1)(A)(ii)]

On or about August 13, 2011, in the Northern District of Oklahoma, **VERNON JAMES HILL**, a/k/a "V", **DEANDRE ANTONIO HOPKINS**, a/k/a "Wet", a/k/a "C-Wet", a/k/a "Sman", the defendants, aiding and abetting each other, knowingly used, carried and brandished firearms during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, Obstruct, Delay and Affect Commerce by Robbery, a violation of Title 18, United States Code, Section 1951, as set forth more fully in Count Five of this Superseding Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

9

**COUNT SEVEN**
**[18 U.S.C. § 1951]**

On or about September 16, 2011, in the Northern District of Oklahoma, **DEANDRE ANTONIO HOPKINS**, a/k/a "Wet", a/k/a "C-Wet", a/k/a "Sman", the defendants, and others known to the Grand Jury, did knowingly, willfully and intentionally obstruct, delay and affect interstate commerce, and the movement of articles and commodities in commerce, by robbery of Tulsa Municipal Employees Federal Credit Union, located at 1120 West 17th Street, Tulsa, Oklahoma, a company that conducted and conducts business in interstate commerce, that is to say, the defendants unlawfully took and obtained personal property consisting of money from the presence of a Tulsa Municipal Employees Federal Credit Union employee against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

All in violation of Title 18, United States Code, Section 1951.

10

## COUNT EIGHT
### [18 U.S.C. § 924(c)(1)(A)(iii)]

On or about September 16, 2011, in the Northern District of Oklahoma, **DEANDRE ANTONIO HOPKINS**, a/k/a "Wet", a/k/a "C-Wet", a/k/a "Sman", the defendants, and others known to the Grand Jury, aiding and abetting each other, knowingly used, carried, brandished and discharged firearms during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, Obstruct, Delay and Affect Commerce by Robbery, a violation of Title 18, United States Code, Section 1951, as set forth more fully in Count Seven of this Superseding Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Title 18, United States Code, Section 2.

11

## COUNT NINE
[18 U.S.C. § 1951]

On or about November 5, 2011, in the Northern District of Oklahoma, **DEJUAN LESHAE HILL**, the defendant, and others known to the Grand Jury, including unindicted co-conspirators Vernon Hill and Stanley Hill, did knowingly, willfully and intentionally obstruct, delay and affect interstate commerce, and the movement of articles and commodities in commerce, by robbery of Arvest Bank, located at 218 South Memorial Street, Tulsa, Oklahoma, a company that conducted and conducts business in interstate commerce, that is to say, the defendant unlawfully took and obtained personal property consisting of money from the presence of an Arvest Bank employee against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

All in violation of Title 18, United States Code, Section 1951.

12

## COUNT TEN
### [18 U.S.C. § 924(c)(1)(A)(ii)]

On or about November 5, 2011, in the Northern District of Oklahoma, **DEJUAN LESHAE HILL**, the defendant, and others known to the Grand Jury, including unindicted co-conspirators Vernon Hill and Stanley Hill, aiding and abetting each other, knowingly used, carried and brandished firearms during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Obstruct, Delay and Affect Commerce by Robbery, a violation of Title 18, United States Code, Section 1951, as set forth more fully in Count Nine of this Superseding Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and Title 18, United States Code, Section 2.

THOMAS SCOTT WOODWARD                    A TRUE BILL
UNITED STATES ATTORNEY


_____          _____
JOEL-LYN A. McCORMICK                    Grand Jury Foreperson
DENNIS ALLEN FRIES
Assistant United States Attorneys

13

Instruction No. 3

## PLEA AND PRESUMPTION OF INNOCENCE

The Defendants have entered their pleas of not guilty to the superseding indictment and charges reflected therein, which places upon the Government the burden of proving the essential elements of each of the charges to your satisfaction beyond a reasonable doubt before you may return a verdict of guilty on the charges. The superseding indictment is simply the means by which the Defendants are placed on trial and sets forth in a formal way the offenses of which the Defendants are accused. The return or filing of an indictment is not evidence of the guilt of the Defendants.

The Defendants are presumed to be innocent of the crimes charged against them and innocent of each and every essential element constituting the offenses. This presumption of innocence continues, unless after consideration of all the evidence, facts, and circumstances in the case, you are convinced of the guilt of a defendant or defendants beyond a reasonable doubt. If, upon consideration of all the evidence, facts, and

circumstances in the case, you find a reasonable doubt of the guilt of a defendant or defendants, you must give that defendant or defendants the benefit of that doubt and return a verdict or verdicts of not guilty.

Instruction No. 4

## REASONABLE DOUBT - DEFINED

The Government has the burden of proving each of the defendants guilty beyond a reasonable doubt.  The Government must prove each essential element of the offenses charged in the superseding indictment beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not true.  However, in criminal cases, the Government's proof must be more substantial or powerful than that; it must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

It is not required that the Government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense–the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must,

therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

If, based on your consideration of all of the evidence, you are firmly convinced that any of the defendants are guilty of any of the crimes charged, you must find that defendant or defendants guilty of that crime or crimes. If on the other hand, you are not firmly convinced that any of the defendants are guilty, you must give that defendant or defendants the benefit of that doubt and find him or them not guilty of that crime or crimes.

Instruction No. 5

## **STIPULATIONS**

Statements and arguments of counsel are not evidence in this case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation and regard that fact as proven.

Instruction No. __6__

## STATUTE DEFINING THE OFFENSE OF CONSPIRACY
## COUNT ONE
## 18 U.S.C. § 1951

With respect to the offense of Conspiracy to Obstruct, Delay and Affect Commerce by Robbery as charged in Count One of the superseding indictment, the law of the United States provides that any person who conspires to obstruct, delay and affect interstate commerce, and the movement of any articles or commodity in commerce by robbery shall be guilty of an offense against the law of the United States.

Instruction No. ___7___

## ESSENTIAL ELEMENTS OF THE OFFENSE
## OF CONSPIRACY

To establish the offense of conspiracy charged in Count One of the superseding indictment, each of the following essential elements must be proven beyond a reasonable doubt by the evidence:

1.  The defendant agreed with at least one other person to obstruct, delay, or affect commerce or the movement of any article or commodity in commerce by robbery; AND

2.  The defendant knew at least the essential objective of the conspiracy; AND

3.  The defendant knowingly and voluntarily participated; AND

4.  There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes an agent or partner of every other member. The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no

requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

If you are convinced that the charged conspiracy existed, then you must next determine whether the defendant was a member of that conspiracy, that is, whether the defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. The law does not require proof that the defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that the defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must

show the defendant knowingly joined the conspiracy with the intent to advance it purpose.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

Instruction No. ___8___

## COCONSPIRATOR'S LIABILITY FOR
## SUBSTANTIVE COUNTS

If you find the defendant guilty of the conspiracy as charged in Count One of the superseding indictment and you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy another coconspirator committed the offenses in Counts Two, Five, Six, Seven, Eight, Nine, or Ten, and the offenses in those counts were committed to achieve an objective of or was a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Counts Two, Five, Six, Seven, Eight, Nine, or Ten, even though the defendant may not have participated in any of the acts which constitute the offenses described in Counts Two, Five, Six, Seven, Eight, Nine, or Ten.

Instruction No. ___9___

## EVIDENCE OF MULTIPLE CONSPIRACIES

Count One of the superseding indictment charges that the defendants were all members of one single conspiracy to commit the crime of Obstructing, Delaying and Affecting Commerce by Robbery in violation of 18 U.S.C. § 1951.

Some of the defendants have argued that there were really two or more separate conspiracies, instead of the single conspiracy charged in the superseding indictment.

You must determine whether the single conspiracy, as charged in the superseding indictment, existed, and if it did, whether the defendant was a member of it.

Proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the superseding indictment, unless one of the several conspiracies which is proved is the single conspiracy charged in the superseding indictment.

If you find that the defendant or defendants were not a member of the conspiracy charged, then you must find the defendant or defendants not guilty, even though the defendant or defendants may have been a member of some other conspiracy.   This is because proof that a defendant or defendants was a member of some other conspiracy is not enough to convict.

But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government proved that he was also a member of the conspiracy charged in the superseding indictment.

Instruction No. ___10___

## STATUTE DEFINING THE OFFENSE OF
## OBSTRUCT, DELAY AND AFFECT COMMERCE BY  ROBBERY
### 18 U.S.C. § 1951

With respect to the offense of Obstruct, Delay and Affect Robbery as charged in Counts Two, Five, Seven and Nine of the superseding indictment, the law of the United States provides that any person who in any way or degree obstructs, delays or affects commerce, or the movement of any articles or commodity in commerce by robbery shall be guilty of an offense against the law of the United States.

Instruction No. __11__

## ESSENTIAL ELEMENTS OF THE OFFENSE OF
## OBSTRUCT, DELAY AND AFFECT COMMERCE BY ROBBERY
## 18 U.S.C. § 1951

To find a defendant guilty of the crime of Obstruct, Delay and Affect Commerce by Robbery as alleged in Counts Two, Five, Seven and Nine of the superseding indictment you must be convinced that the government has proved beyond a reasonable doubt that:

1.  The defendant obtained property from another without that person's consent;

2.  The defendant did so by wrongful use of actual or threatened force, violence, or fear; and

3.  As a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree.

Robbery is the unlawful taking of personal property from another against his or her will.  This is done by threatening or actually using force, violence, or fear of injury, immediately or in the future, to person or property.  "Property" includes money and other tangible and intangible things of value.  "Fear" means an apprehension, concern, or anxiety about

physical violence or harm or economic loss or harm that is reasonable under the circumstances.

"Obstructs, delays or affects interstate commerce" means any action which, in any manner or to any degree interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in interstate commerce.

The defendant need not have intended or anticipated an effect on interstate commerce. You may find the effect is a natural consequence of his actions. If you find that the government has proved beyond a reasonable doubt that the defendant intended to take certain actions –that is, he did the acts charged in the indictment in order to obtain property–and you find those actions actually or potentially caused an effect on interstate commerce, then you may find the requirements of this element have been satisfied. You are instructed that the government and the parties here stipulated and agreed that the third element has been met as to each of the six businesses which were robbed, to-wit: IBC Bank, Dooley Pharmacy, Tulsa Municipal Employees Federal Credit Union, Metro Pharmacy and Medical Supplies,

Inc., T. Roy Barnes Pharmacy and Arvest Bank.   You, therefore, must consider the third essential element as proven as to each defendant.

Instruction No. 12

## STATUTE DEFINING THE OFFENSE OF USING, CARRYING OR POSSESSING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE
## 18 U.S.C. § 924(c)(1)(A)

With respect to the offense of Using, Carrying or Possessing a Firearm during and in relation to a Crime of Violence as charged in Counts Six, Eight, and Ten of the superseding indictment, the law of the United States provides that whoever, during and in relation to any crime of violence for which he may be prosecuted in a court of the United States, uses, carries or possesses a firearm, shall be guilty of an offense against the law of the United States.

Instruction No. ___13___

## ESSENTIAL ELEMENTS OF THE OFFENSE OF
## USING, CARRYING OR POSSESSING A FIREARM DURING
## AND IN RELATION TO A CRIME OF VIOLENCE
## 18 U.S.C. § 924(c)(1)(A)

To find a defendant guilty of the offense of Using, Carrying or Possessing a Firearm during and in relation to a Crime of Violence as alleged in Counts Two, Five, Seven and Nine of the superseding indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1. The defendant committed the crime of Obstruct, Delay and Affect Commerce by Robbery, which are crimes of violence;

2. The defendant used, carried, or possessed a firearm;

3. During and in relation to this crime.

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (*i.e.,* made easier), or had the potential of facilitating the underlying crime.

A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

In determining whether the defendant knowingly used, carried, or possessed a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence.  The government must prove a direct connection between the defendant's use and carrying of the firearm and the

underlying crime but the crime need not be the sole reason the defendant used and carried the firearm.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Instruction No. _14_

## POSSESSION - DEFINED

As used in this indictment, the law recognizes two kinds of possession:

(1) actual possession, and (2) constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either himself or herself or through another person or persons, is in constructive possession of it.

The law recognizes also that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

However, a person's mere presence at the scene where something is found is insufficient to establish possession, unless it can be shown that such person had dominion and control over the thing.

You may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that one or more of the defendants had actual or constructive possession, either alone or jointly with each other.

Instruction No. 15

## COUNTS ARE SEPARATE CRIMES

A separate crime or offense is charged against one or more of the defendants in each counts of the superseding indictment.   You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

Instruction No. 16

## **KNOWINGLY - DEFINED**

An act or a failure to act is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Instruction No. __17__

## **"ON OR ABOUT" – EXPLAINED**

The superseding indictment charges that the offenses alleged were committed "on or about" certain dates. Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the Government to prove that the offenses were committed precisely on the dates alleged.

Instruction No. ___

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case. One is direct evidence or evidence such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from

the facts which have been established by the testimony and evidence in this

case.

Instruction No. ___19___

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.

These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Instruction No. 2 0

## USE OF COMPILATIONS OR SUMMARIES

There have been admitted into evidence certain exhibits referred to as "compilations" or "summaries".  They are admitted as summaries of the contents of voluminous writings, documents, or records which cannot conveniently be examined in court.  They are admitted only for your assistance and convenience in determining the ultimate facts or results shown by those writings, documents, or records which they purport to summarize, and it is for that purpose only that you are entitled to consider them.

If you find that these compilations or summaries do not reflect, or are in conflict with, the underlying data which has been admitted into evidence, you should disregard such compilations or summaries, to the extent that they are not supported by the evidence.

Instruction No. 21

## **CREDIBILITY OF WITNESSES**

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness' means of knowledge, strength of memory and opportunities for observation. Also, consider the reasonableness and the consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, that the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

Instruction No. 22

## IDENTIFICATION TESTIMONY

The government must prove, beyond a reasonable doubt, that the offense(s) charged in this case was/were actually committed and that it was the defendant who committed it. Thus, the identification of the defendant as the person who committed the offense(s) charged is a necessary and important part of the government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness. In determining whether a witness had the ability and an adequate opportunity to observe the person who committed the offense(s) charged, you should consider matters such as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

If the testimony about an identification was made after the commission of the crime(s), you should consider very carefully the circumstances under

which the later identification was made, including the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the crime(s) and the witness's subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of the defendant as the person who committed the offense(s) charged, you must find the defendant not guilty.

Instruction No. 23

## **WITNESS IMPEACHMENT**

A witness may be impeached by showing that he or she has made different statements on other occasions contrary to and inconsistent with his or her testimony given at this trial.  If you find that any witness has wilfully testified falsely in this trial to any material fact, then you may disbelieve the entire testimony of such witness, but you are not compelled to do so.

Instruction No. 24

## IMPEACHMENT OF WITNESS TESTIMONY BY
## PRIOR CONVICTION

In considering the testimony of a witness who has been convicted of

a felony, that is, a crime for which a person may receive a prison sentence

of more than one year, you should consider the fact of such conviction only

for the purpose of determining the credibility of such witness.

Instruction No. _25_

## ACCOMPLICE—CO-DEFENDANT—PLEA AGREEMENT

The government called as one of its witnesses an alleged accomplice, who was named as a co-defendant in the indictment. The government has entered into a plea agreement with the co-defendant, providing for the dismissal of some charges and a recommendation of a lesser sentence than the co-defendant would otherwise have received. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An accomplice is someone who joined with another person in committing a crime, voluntarily and with common intent. An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an accomplice may, by itself, support a guilty verdict. You should, however, receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe the testimony beyond a reasonable doubt. The fact that an accomplice has

entered a guilty plea to the offense charged is not evidence of the guilt of

any other person.

Instruction No. 26

## EXPERT WITNESS

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

Instruction No. _27_

## RIGHT OF ATTORNEY TO INTERVIEW WITNESSES

An attorney has the right to interview his witnesses for the purpose of learning the testimony the witness will give. The fact that the witness has talked to an attorney and told the attorney what he or she would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness.

Instruction No. 28

## **RIGHTS OF DEFENDANTS TO REMAIN SILENT**

The defendant in a criminal case has an absolute right under our Constitution to remain silent; that means the right not to testify.

The fact that the Defendants, Vernon James Hill, Deandre Antonio Hopkins, and Dejuan Leshae Hill, did not testify must not be discussed or considered by the jury in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and, therefore, did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Instruction No. 29

## **VERDICT AS TO DEFENDANTS ONLY**

You are here to determine whether the Government has proven the guilt of the Defendant(s) in relation to the charge(s) in the superseding indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant or defendants for any of the counts or crimes charged against them, then you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendant or defendants not guilty as to that count or counts.

Instruction No. 30

## VERDICTS AND SPECIAL INTERROGATORIES

If you find from the evidence in this case and under these instructions, beyond a reasonable doubt, that any of the defendants now on trial are guilty of the crime(s) charged against them in the superseding indictment, then you should find that defendant or those defendants guilty of the crime(s) charged.

If, however, you do not so find, or if you entertain a reasonable doubt as to the guilt of any of the defendants of the crimes charged in the superseding indictment, then you should find that defendant or defendants not guilty of the crime(s) charged.

If you find the Defendant, Vernon James Hill, guilty as to Count One of the superseding indictment, you must then also answer Special Interrogatory No. 1 as directed on said interrogatory. If you find the Defendant, Vernon James Hill, not guilty on Count One, you do not have to answer Special Interrogatory No. 1.

If you find the Defendant, Deandre Antonio Hopkins, guilty as to Count One of the superseding indictment, you must then also answer Special Interrogatory No. 2 as directed on said interrogatory. If you find the Defendant, Deandre Antonio Hopkins, not guilty on Count One, you do not have to answer Special Interrogatory No. 2.

If you find the Defendant, Dejuan Leshae Hill, guilty as to Count One of the superseding indictment, you must then also answer Special Interrogatory No. 3 as directed on said interrogatory. If you find the Defendant, Dejuan Leshae Hill, not guilty on Count One, you do not have to answer Special Interrogatory No. 3.

Upon making your decision, you should complete the verdict forms provided to you by marking the appropriate lines on the forms which reflect your decision. There is a separate verdict form and special interrogatory for each defendant.

Instruction No. 31

## CLOSING

You are the judges of the facts, the weight of the evidence, and the credibility of the witnesses. In determining such weight or credit, you may consider the interest, if any, which a witness may have in the result of the trial, the relation of the witness to the parties, the bias or prejudice, if any has been apparent, the candor, fairness, intelligence and demeanor of the witness, the ability of the witness to remember and relate past occurrences and means of observation and his/her opportunity of knowing the matters about which the witness has testified. From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge which you each possess in common with other persons, you will reach your conclusions.  You should not let sympathy, sentiment, or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial, conscientious, and faithful manner under your oaths and return such verdicts as the evidence warrants when measured by these instructions. These instructions contain all the law

which may be applied by you in this case and the rules by which you should weigh the evidence and determine the facts in issue. You must consider the instructions as a whole and not a part to the exclusion of the rest. You will not use any method of chance in arriving at the verdict, but base it on the judgment of each juror concurring therein.

After you have retired to consider your verdicts, select one of your number as foreperson and enter upon your deliberations. When you have agreed upon your verdicts, the foreperson alone will enter the words not guilty or guilty on the line provided for each charge, sign the verdict forms, and you will as a body return them in open court. The form of verdicts, special interrogatories, and the written instructions of the court will be furnished for your consideration and use.

The verdicts of the jury in this case must be unanimous, which means that each juror must agree and concur in the verdicts. In this connection, you have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment. You must decide the case individually, but only after an impartial

consideration of the evidence with your fellow jurors. In the course of deliberations, you should not hesitate to re-examine your own views and change your opinions, if convinced they are erroneous; but, you should not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of fellow jurors or for the mere purpose of returning the verdicts.

Should you need to ask the Court a question, please put your question in writing, have the foreperson sign it, knock on the door and give it to the bailiff. The bailiff will see that I get it. I will then have to make a decision about whether or not I can answer the question. As a general rule, jurors do not have questions. When they do have questions, however, it is an unusual situation that I can actually answer their question. If you do ask a question, I will bring you back into the courtroom and advise you whether or not I am able to answer your question. You are advised that you should not, at any time, indicate your numerical division when communicating with the Court.

Notify the bailiff when you have reached your verdicts so that you may return them in open court.  The jury is now placed in charge of the bailiff and will be taken to the jury room.

James H. Payne
United States District Judge